ROBERT L. HANKS, Respondent, v. ST. LOUIS-SAN FRANCISCO RAILROAD COMPANY, a Corporation, Appellant.*

In the Springfield Court of Appeals, March 6, 1925.

1. **MASTER AND SERVANT:** Whether Lever Was Moved by Employee, Knowing Plaintiff was Under Engine, Held for Jury. In servant's action under Federal Employers' Liability Act (U. S. Comp. St., pp. 8657-8665) for injury sustained while working under an engine when some one in cab moved reverse lever, whether reverse lever was moved by some one in cab who was an employee of defendant and who knew, or ought to have known, that servant was under engine and would be hurt if lever were moved, *held* for jury.

2. **TRIAL PRACTICE:** Instruction Authorizing Verdict for Plaintiff Held Erroneous Where Omitting Essential Requirements to Plain-

tiff's Case. In servant's action under Federal Employers' Liability Act (U. S. Comp. St., pp. 8657-8665) for injuries sustained while working under engine when some one in cab moved reverse lever, instruction authorizing verdict for plaintiff *held* erroneous where omitting essential requirement that person moving lever knew, or by the exercise of ordinary care should have known, that movement of lever might injure some one.

3. ———: **Error in Instruction Held Not Cured by Subsequent Instruction Given for Defendant.** In servant's action under Federal Employers' Liability Act (U. S. Comp. St., pp. 8657-8665) for injury sustained while working under an engine when some one in cab moved reverse lever, error in instruction authorizing finding for plaintiff because of omitting requirement of finding that person moving lever knew, or ought to have known by the exercise of ordinary care, that movement might injure some one, was not cured by instruction given for defendant requiring such finding, since proof of that fact was an essential part of plaintiff's case, and defendant's instruction did not supplement the one given for plaintiff, but was in conflict with it.

4. **DAMAGES: Instruction Held Bad Usage, But Not Reversible Error.** Instruction which told the jury that if they found for plaintiff, they might consider in arriving at the amount of his damage, certain elements which he might sustain as a direct result of his injuries, "in all not to exceed the sum of $5,000," *held* bad usage to the extent of the words quoted, as possibly leading jury to believe they were authorized in returning large verdict; though such usage has never been held reversible error by Supreme Court.

---

*Headnotes 1, Master and Servant, 26 Cyc., p. 1477; 2. Trial, 38 Cyc., p. 1632; 3. Trial, 38 Cyc., pp. 1783, 1787; 4. Appeal and Error, 4 C. J., Section 3013; Damages, 17 C. J., Section 365.

Appeal from Circuit Court of Butler County.—*Hon. Almon Ing,* Judge.

REVERSED AND REMANDED.

*W. F. Evans,* of St. Louis, and *Ward, Reeves & Oliver,* of Caruthersville, for appellant.

(1) Defendant's demurrer should have been sustained. (a) The plaintiff having charged specific acts

of negligence the rule of *res ipsa loquitur* does not apply. Motsch v. Standard Oil Co., 223 S. W. 677; Rice v. White et al., 239 S. W. 141; Patter v. Street Ry. Co., 142 Mo. App. 220; The Great Northern, 251 Fed. 826; White v. Chicago G. W. R. Co., 251 Fed. 826.   (b) The law indulges a presumption that the defendant was free from negligence, and this presumption obtains and continues until it is overthrown by competent evidence, and in this case there was no evidence to overcome this presumption. King v. Ringling et al., 145 Mo. App. 285; Webb v. Baldwin, 165 Mo. App. 240; Canadian Northern v. Senake, 201 Fed. 638.   (c) The specific charge of negligence in the petition is that an employee of defendant went into the cab of the engine and carelessly and negligently moved the reverse lever of the engine and thereby caused rods and other machinery of the engine to be thrown against the right foot of plaintiff.   There was no proof offered in the case, (1) that the reverse lever was moved by anyone; (2) that there was anyone in the cab of the engine; and (3) if anyone were in the cab of the engine that such person was an employee of defendant.   There was therefore no evidence to support the charge of negligence in the petition and the demurrer should have been sustained.   Beebe v. Transit Co., 206 Mo. 419; Removich v. Construction Co., 264 Mo. 43; Garansson v. Manufacturing Co., 186 Mo. 300; Oglesby v. Railway Co., 177 Mo. 272; Hayes v. Berry, 184 S. W. 913; Yarbrough v. Hammond Packing Co., 231 S. W. 72; Morgan v. Mining Co., 136 Mo. App. 241; Haynie v. Packing Co., 126 Mo. App. 88; Giles v. Railroad, 169 Mo. App 34; Hamilton v. Railroad, 123 Mo. App. 619; Patton v. Railway Co., 179 U. S. 658; Smith v. Penn. Ry. Co., 239 Fed. 103.   (d)   It will be conceded from the record in this case that there was no direct evidence that the reverse lever of the engine was moved by anyone.   From the facts established by the plaintiff it might be inferred that somebody moved the lever.   In other words, it might be presumed from the facts established that the moving of the reverse lever

caused plaintiff's injury. But the presumed fact, based upon the established fact, is not sufficient to make a case for the plaintiff. To establish liability the jury must have inferred: First, that somebody moved the reverse lever. second, that this somebody was an employee of the defendant. Third, that the employee at the time was acting within the scope of the duties imposed upon him by his employment. The first of these facts might be inferred from the evidence in the case, but the second and third cannot be inferred or presumed, because to do so is to base one inference upon another inference or one presumption upon another presumption, which cannot be legally done to eke out a case for the plaintiff. This proposition of law is well settled. Hamilton v. Railroad, 250 Mo. 722; Glick v. Railroad, 57 Mo. App. 97; Whitesides v. Railroad, 186 Mo. App. 619-21; Justus v. Railroad, 224 S. W. 79; George v. Railroad, 251 S. W. 729. (2) The court erred in giving instructions 1 and 2 on behalf of plaintiff. (a) The petition charges that it was dangerous to move the reverse lever while plaintiff was under the engine and that fact was known to defendant or could have been known by exercise of ordinary care. Instruction No. 1, purports to cover the whole case, but it does not require the jury to find the necessary fact that defendant knew, or by the exercise of reasonable care could have known, that it was dangerous to move the reverse lever while plaintiff was removing the washout plugs. The instruction was therefore erroneous. State ex rel. v. Ellison et al., 272 Mo. 572; Wojtylak v. Coal Co., 188 Mo. 260. (b) The instruction was also erroneous because there was no evidence offered upon which to submit it. Gunn v. Hemphill Lbr. Co., 218 S. W. 978; Parker v. Drake, 220 S. W. 1000; Ruch v. Pryor, 190 S. W. 1037. See also authorities under point 1 (c). (c) Instruction No. 2, was on the measure of damages and concluded by saying ''in all not to exceed $5000'' this is error especially when a large verdict is returned. Rooker v. Ry. Co., 247 S. W. 1016;

Stid v. Railway, 236 Mo. 405; Lessenden v. Railway, 238 Mo. 247; Applegate v. Railway, 252 Mo. 173.   (3)   Defendant's instruction number 2 should have been given because there was no evidence in the record that it was dangerous to move the reverse lever when the washout plugs were being removed.  See authorities under point 1. (4)   The verdict of the jury is excessive.  After plaintiff was hurt, he continued to work under the same engine at the same place for twenty or thirty minutes; he then worked at another place the remainder of the day.   On the next day he sent for a doctor but never got one until the second day after his injury.  He was then sent to a hospital and remained in a hospital until January 13, 1924, following his injury on November 17, 1923 (there is no claim for medical or hospital charges).  He was earning $4.80 per day before his injury.  Since his return from the hospital he had been working part of the time. He also testified that he could have had a job with the railroad company if he wanted it but that he did not want it. There were no bones broken and the greatest trouble was erysipelas setting up following the alleged injuries.  A verdict for $3000 following plaintiff's erroneous instruction number 2 is clearly excessive.  Rooker v. Railway, 247 S. W. 1016; Smith v. Railway, 204 S. W. 565; Bragg v. Railway Co., 192 Mo. 365-366.

*Henson & Woody,* of Poplar Bluff, for respondent.

(1)   It is the duty of the master to use ordinary and reasonable care to furnish his servant a safe place in which to work, and it is the master's like duty to keep such place safe while the servant is performing his task. Stobile v. McMahon, 196 Mo. App. 93, 190 S. W. 652; Bender v. Railway, 137 Mo. 250; Koerner v. Car Co., 209 Mo. 141; Bradley v. Railway, 138 Mo. 293; Doyle v. Railway, 140 Mo. 1; McNulty v. Cement Co., 249 S. W. 730; Boden Muller v. Box Co., 237 S. W. 879; Kantz v. Refrigerator Co., 203 Mo. App. 522, 219 S. W. 719; Bequett

v. Glass Co., 200 Mo. App. 506, 207 S. W. 852; White v. Montgomery Ward & Co., 191 Mo. App. 268, 177 S. W. 1089; Chulick v. Foundry Co., 199 S. W. 437; Hegberg v. Railway, 164 Mo. App. 514; Kettle v. Car & Fdy. Co., 171 Mo. App. 528; Stuart v. Oil Co., 211 Mo. App. 345, 244 S. W. 970; Coin v. Lounge Co., 222 Mo. 488. (2) This duty on the part of the master cannot be delegated. Beck v. Lbr. Co., 239 S. W. 166; Knorpp v. Wagner, 195 Mo. 637. (3) It was the duty of defendant to warn plaintiff of its intention to move the machinery of the engine under which plaintiff was working before doing so. Wiley v. Coal & Coke Co., 250 S. W. 619; Chulick v. Car & Fdy. Co., 199 S. W. 437. (4) The failure of defendant to take some precaution to guard the safety of plaintiff as far as that could reasonably be done, while he was engaged in working under the engine, constituted gross negligence. Dittrich v. Am. Mfg. Co., 190 S. W. 1006. (5) The liability of a master is measured by his knowledge, either active or constructive, of the surrounding facts and circumstances; and in determining whether the master is negligent, courts do not take into consideration what the servant knew or what the servant did, or what the servant might have done. A master, found negligent, might be relieved of his negligence for some act, conduct or knowledge of the servant; but this would in no wise make the master's negligent act any the less negligent. Husky v. Boiler Co., 192 Mo. App. 370, 181 S. W. 1041; Stuart v. Oil Co., 211 Mo. App. 345, 244 S. W. 970. (6) Direct testimony is not required to show that the injury was caused by the negligence of the master but may be deduced from the proof of such facts as logically create the inference that the negligence proved proximately caused or contributed to the injury. Jaquith v. Fayette R. Plumbing Co., Inc., 254 S. W. 89; Berry v. Coal Co., 253 S. W. 456. (7) An injured person is entitled to recover damages for pain and suffering of body and mind, for future pain of body and mind, the loss of wages sustained, and to future loss of wages if any he

is reasonably certain to sustain by reason of the injury. Brickley v. Terminal Ry. Co., 259 S. W. 476, and cases cited, 480. (8) The verdict is not excessive, neither is it the result of passion and prejudice on the part of the jury. Perrett v. Kansas City, 162 Mo. 238; Price v. Const. Co., 191 Mo. App. 395, 177 S. W. 700; Harris v. St. Ry. Co., 168 Mo. App. 336; Sanders v. Quercus Lbr. Co., 187 Mo. App. 408; Roach v. K. C. Rys. Co., 228 S. W. 520; Hurst v. Railway, 280 Mo. 566; Duffy v. K. C. Rys. Co., 217 S. W. 883; Beal v. K. C. Rys. Co., 228 S. W. 834.

COX, P. J.—Action for damages for personal injury. Verdict and judgment for plaintiff for $3000. Defendant appealed.

Plaintiff was working for defendant in the shops at Chaffee, Missouri, engaged in the repair of engines. The cause of action alleged in plaintiff's petition is substantially as follows: That he was directed by defendant "to remove certain wash-out plugs from the under side of the boiler of Engine No. 691 preparatory to washing said boiler. That in order to remove said wash-out plugs it became and was necessary for plaintiff to crawl into a small opening or space immediately under said boiler and engine and there lie on his back to perform the work required of him. That while plaintiff was engaged in removing said wash-out plugs he was surrounded by and in close proximity to the mechanism and machinery of said engine. That while plaintiff was removing said wash-out plugs and while he was exercising due care for his own safety another employee of the defendant without notice or warning to this plaintiff went into the cab of said engine and then and there carelessly and negligently moved the reverse lever of said engine and thereby caused the rods and other mechanism and machinery of said engine to be thrown with great force against the foot and ankle of plaintiff thereby bruising and spraining the same in and about the ankle and instep of said right foot which injury produced erysipelas and ulcera-

tion of plaintiff's said ankle, foot and instep.'' That the boiler and engine on which he was working was used by defendant in interstate commerce. That it was dangerous to move the lever and machinery of the engine while plaintiff was engaged in removing the wash-out plugs and that this fact was or should have been known by defendant. The answer admitted defendant was engaged in interstate commerce and pleaded contributory negligence and assumption of risk.

The plaintiff was the only witness who testified as to the facts relating to the manner in which the alleged injury was received. His testimony may be briefly summarized as follows: He was ordered by his superior to remove the wash-out plugs from the boiler of the engine on which he and others were working. To do this, he had to ''scrouge in'' and get under the boiler and lie on his back to do the work. That he was in that position removing the plugs from the under side of the boiler when he was hurt. While in that position some one in the cab of the engine moved the reverse lever which threw the rods and machinery of the engine down against his foot and ankle and that was what caused the injury. He could not see in the cab of the engine at the time and did not know who had moved the lever that caused the injury to him. That the machinery that dropped down and struck his foot and ankle could only be made to drop by some one in the cab of the engine moving the lever. That there were several men working around the engine and that no one had been around there that day that was not employed by defendant and engaged in work upon engines of defendant and some of them other than himself were engaged in work upon this particular engine.

It is first insisted that a demurrer to the testimony should have been sustained. On that question it is contended that it was necessary for plaintiff to prove at least four things: (1) that the reverse lever was moved by some one; (2) that the lever was moved by some one in the cab of the engine; (3) that the person who moved

the lever was an employee of defendant; (4) that the person who moved the lever knew or ought to have known at the time that plaintiff was under the engine and might be hurt if the lever were moved. The first two of these are proven by the testimony of plaintiff that the lever was in the cab of the engine and that the dropping down of the machinery hitting his foot could only be brought about by the moving of the lever. The third is shown by testimony that there were no persons around the engine except employees of defendant. The fourth is shown by the physical facts. The construction of the engine and the fact that plaintiff was compelled to squeeze in to get to the place where he could do the work assigned to him and was then compelled to lie on his back under the engine while working is sufficient to show that any downward movement of the machinery of the engine might hit and injure him. The master, through its agent, had ordered plaintiff to do the work and must be held to have known where he was working and the position he was forced to assume in order to do the work. We are cited to a number of cases holding that defendant is presumed to be free from negligence and hence negligence must be proven by the plaintiff. Also that when specific acts of negligence are pleaded, the doctrine of *res ipsa loquitur* does not apply. That these legal propositions are correct is too well established to need the citation of authorities to sustain them. We think, however, that while the burden of proof rested upon plaintiff in this case to make a prima-facie showing of all four of the facts above alluded to, there was sufficient evidence to take each one of them to the jury and hence the demurrer to the testimony was properly overruled.

It is contended that the instructions to the jury given on behalf of plaintiff were erroneous. Instruction No. 1 for plaintiff authorized a verdict for plaintiff on a finding of the facts therein stated but omitted to tell them that in order to find for plaintiff they must find that the person moving the lever knew or by the exercise of or-

dinary care should have known that the movement of the lever might injure some one.  That omission was error. By an instruction given on behalf of defendant the jury were required to find that fact before they could return a verdict for plaintiff but this did not cure the error. Proof of that fact was an essential part of plaintiff's case and when that is true, the instruction for defendant which covers the same question does not cure the error, for, in that situation, the instruction given for defendant does not supplement the one given for plaintiff but is in conflict with it.  [State ex rel. v. Ellison, 272 Mo. 571, 199 S. W. 984; Wojtylak v. Kansas & Texas Coal Co., 188 Mo. 260, 87 S. W. 506.]

Instruction No. 2 for plaintiff on the measure of damages told the jury that if they found for plaintiff, then in arriving at the amount of plaintiff's damages "you will take into consideration the physical pain and mental anguish, if any, suffered by him in the past and pain and mental anguish, if any, he may suffer in the future as a result of his injuries, and the loss of earnings, if any, he has or may sustain as a direct result of his injuries, *in all not to exceed the sum of $5000.*" (The italics are ours.)

The criticism of this instruction is levelled at the last clause and especially the use of the words "in all." The use of similar language has been criticised by the Supreme Court though never yet held reversible error by that court.  It might, however, be so held at any time and it would be better to avoid the use of those words.

It is also contended that the damages assessed are excessive, but since the judgment must be reversed, it will not be necessary to discuss that question.

For the error noted in Instruction No. 1 for plaintiff, the judgment will be reversed and the cause remanded. *Bradley, J.,* concurs; *Bailey, J.,* not sitting.