THE STATE EX REL. SECURITY INSURANCE COMPANY v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.

Division Two, December 20, 1926.

**INSTRUCTION:** **Directed Verdict: Omission of Necessary Element: Conflict of Opinion.**   An instruction for plaintiff which purports to cover the whole case, which omits some element necessary to the right of plaintiff to recover, is erroneous, and the omission cannot be cured by another instruction hypothesizing such element as necessary to be found.   Such instructions are contradictory, and it cannot be determined whether the jury obeyed to one containing the necessary element or the one which omitted it.   In an action on a policy insuring plaintiff against the loss of his automobile by theft, an instruction which told the jury "if you find and believe from the evidence that defendant tendered said automobile to plaintiff, and that said tender was more than sixty days after said proofs of loss had been furnished to defendant, then such tender is no defense to an action upon said policy for the theft of said automobile and your verdict must be for the plaintiff" was erroneous, where another instruction for plaintiff required the jury to find that the automobile was stolen, that the said policy was in full force when the proofs were made, and that defendant, after said loss and after the amount became due, offered to return the premiums paid, and required the jury to return their verdict for plaintiff if they so found.   And the Court of Appeals in holding that there was no error, contravened the decision of this court in State ex rel. v. Ellison, 272 Mo. 571.

---

Corpus Juris-Cyc. References: **Appeal and Error**, 4 C. J., Section 3013, p. 1031, n. 33. **Burglary and Theft Insurance**, 9 C. J., Section 15, p. 1100, n. 94 New. **Trial**, 38 Cyc., p. 1782, n. 82; p. 1783, n. 83; p. 1784, n. 84.

*Certiorari.*

RECORD QUASHED.

*John S. Boyer* and *Crow & Newman* for relator.

(1)  Instruction D and Instruction E are wholly irreconcilable. State ex rel. v. Ellison, 272 Mo. 571.  (2)  The court will at least gather from the meager statement of the facts in the opinion of the Kansas City Court of Appeals that there were several controversies, and in approving Instruction D it refuses to follow the controlling decisions of the Supreme Court, the circuit court was without power to peremptorily instruct the jury to find for the plaintiff in a case where there was a dispute about the facts.  State ex rel. v. Ellison, 286 Mo. 225.

RAILEY, C.—Leonard Benanti brought suit against the Security Insurance Company of New Haven, Connecticut, a corporation, at the January term, 1924, of the Jackson County Circuit Court, on a policy of theft insurance, dated October 26, 1920, on plaintiff's automobile, in the sum of $2400.  The policy was issued to plaintiff under the name of Antonio Benanti.  The petition contained two counts, the first of which sought to have the policy reformed, on the ground that by mutual mistake of the parties the policy was written in the name of Antonio Benanti instead of Leonard Benanti.  The second count was an action at law, to recover the amount of the loss upon the policy, as reformed by the circuit court, so as to show that it was issued to Leonard Benanti instead of Antonio Benanti.  The defendant filed an answer, consisting of a general denial, and further alleging that Benanti falsely and fraudulently represented to said defendant, that the automobile insured was a 1919 model and that it was purchased by him in July, 1918, at an actual cost of $2500. The evidence disclosed that the car was a 1916 model and that plaintiff paid $2200 therefor.  The jury returned a verdict for $2198.88 under the policy and the further sum of $219.88 as a penalty.  Judgment was rendered on said verdict for $2418.76, which included the penalty aforesaid.  The defendant filed its motion for a new trial. Thereafter, plaintiff filed a *remittitur* as to the penalty aforesaid, and the motion for a new trial was overruled.  A new judgment was entered for the balance due, after deducting said penalty of $219.88. The defendant, in due time, was granted an appeal to the Kansas City Court of Appeals, and the latter affirmed said judgment.  A motion for re-hearing having been filed and overruled, the defendant in said action, as relator in this proceeding, was granted a writ of *certiorari* to quash the record of said Court of Appeals for alleged reasons hereafter stated.

It is contended by relator in its petition for a writ of *certiorari*, that the Court of Appeals in its opinions sustaining the validity of plaintiff's Instruction "D" ran counter to the last previous and controlling

decision of this court on the same subject. In order to avoid repetition, we will hereafter deal with said instruction and such other matters as we may deem necessary.

I. The Kansas City Court of Appeals wrote two opinions in the case heretofore mentioned, and in both opinions Instruction "D" is held to be correct. The first opinion was written by BLAND, J., and concurred in by ARNOLD, J., the remaining judge being absent. A motion for re-hearing was sustained, and a second opinion by ARNOLD, J., was filed, in which BLAND, J., concurred, the remaining judge being absent. It thus appears from the record that in both of the above opinions Instruction "D," given in behalf of plaintiff, was held to be correct. It is contended by relator in this proceeding that the ruling of the Court of Appeals, supra, is in direct conflict with the ruling of this court in the prior and controlling decision of State ex rel. v. Ellison, 272 Mo. 571, 583, on a similar question.

Respondents in their brief set out Instruction "E," given by the trial court, which they designate as the *main* instruction in the cause, and which reads as follows:

"The court instructs the jury that if you find and believe from the evidence that the defendant, Security Insurance Company, of New Haven, Connecticut, made and delivered to the plaintiff the policy of insurance sued on, and that thereafter a theft occurred of the automobile described therein, if you so find, while said policy of insurance was in full force and effect, and that on May 23, 1921, plaintiff made proof of loss as mentioned in evidence, or that defendant after said loss, if any, and after the amount, if any, became payable, offered to return the premiums paid by plaintiff, and refused to pay the amount due to plaintiff (if you find any sum was due and payable to plaintiff) as specified in said policy, then plaintiff is entitled to your verdict, and you may allow plaintiff a sum equal to the reasonable market value of said automobile at the time of its loss, if any, with six per cent interest thereon from the time of such refusal to pay, if any, *unless you find for defendant under the other instructions herein.*"

No complaint is made here by relator as to the correctness of said Instruction "E." As a part of plaintiff's case, the trial court gave said Instruction "D," which reads as follows:

"The court instructs the jury that if you should find and believe from the evidence that on or about July 8, 1921, the defendant, Security Insurance Company of New Haven, Connecticut, advised plaintiff that his automobile had been recovered, and was at Junction City, Kansas, and that said automobile would be delivered to him, if you so find, upon payment of garage charges and a reward of $100 if you so find, then you are instructed that no duty devolved

upon plaintiff, if you so find, to accept said automobile or to take any steps to secure possession of the same, and that such tender, if any, is no defense to an action upon said policy. *Or, you are instructed, if you further find and believe from the evidence, that defendant tendered said automobile to plaintiff here in Kansas City, and that said tender, if any, was more than sixty days after said proofs of loss, if any, if you so find, had been furnished to defendant, then such tender is no defense to an action upon said policy for the theft of said automobile and your verdict must be for the plaintiff."* (Italics ours).

In State ex rel. v. Ellison, 272 Mo. l. c. 583, Court en Banc, speaking through Judge GRAVES, in a *certiorari* case, involving the question under consideration clearly and forcefully states the law as it should apply in this kind of a case, as follows:

"Where an instruction for the plaintiff undertakes to cover the whole case, and where such instruction contains a direction to find for the plaintiff, provided the jury find the hypothetical facts mentioned in the instruction in plaintiff's favor, and where such instruction omits a hypothetical fact which must be found in favor of plaintiff before there can be a recovery, then the omission of the last-named hypothetical fact cannot be cured by any instruction given for the defendant. In such case, instead of the defendant's instruction curing the omission, it produces a conflict in the instructions. This, because the plaintiff's instruction authorizes a verdict for plaintiff without any finding for plaintiff upon a vital question, and if the defendant's instruction requires a finding for plaintiff upon this vital question, before plaintiff is permitted to recover, then there is a conflict, which is both pointed and dangerous. Which instruction will the jury follow? The one for plaintiff which directs a verdict for her on the more limited question of facts, or the one for defendant which requires the finding of additional facts? Imagine an ordinary jury discussing the matter. Mr. A (on the jury) reads the defendant's instruction, and says, 'We can't find for plaintiff unless we find this fact,' but Mr. B (likewise on the jury) answers, 'Yes we can, just read instruction numbered 1 for plaintiff. It tells us that we should find for plaintiff if we find these facts (reading the hypothetical facts), and says nothing about what you suggest.' Thus the conflict is made apparent.

"In the case at bar (according to the ruling of the Court of Appeals), the instruction which directed a verdict for plaintiff left out of consideration one of the vital facts necessary to be found before a recovery could be had, and when such occurs in an instruction purporting to cover the whole case, as here, an instruction for defendant requiring a finding of that fact does not cure the plaintiff's instruction, but conflicts therewith."

It is manifest from reading Instruction "E" above quoted—said to be the main instruction for plaintiff—that it contained controverted issues for the consideration of the jury, *that were not mentioned or referred to in said Instruction "D."* Suppose the jury were of the opinion that under Instruction "E," as given, the plaintiff was *not* entitled to recover, yet under the italicized portion of Instruction "D," as set out, they were *required* absolutely to find for plaintiff, regardless of all other facts in the case, if they found in favor of plaintiff on the issues submitted in said *italicized* portion of Instruction "D."

The pronouncement of the Court of Appeals in respect to the validity of said Instruction "D" is not only in direct conflict with the ruling of this court in State ex rel. v. Ellison, 272 Mo. supra, on a similar question, but is in conflict with the more recent case of Heigold v. United Rys. Co., 271 S. W. l. c. 778, wherein our Court en Banc re-affirmed its ruling in the Ellison case, as follows:

"Of course, if an instruction for plaintiff, which purports to cover the whole case, and directs a verdict for plaintiffs, omits some element requisite to the right of plaintiff to recover, then such omission cannot be cured by a proper instruction for defendant covering all elements of plaintiff's case, because the instructions would conflict. [State ex rel. Long v. Ellison, 272 Mo. l. c. 583, 199 S. W. 984.]"

In both the opinions of the Court of Appeals it is asserted that Instruction "D" "does not purport to cover the entire case and direct a verdict." It is even worse, if possible, for in its last analysis, as shown by the italicized portion supra, it told the jury they *must* find for plaintiff, *if the jury believed from the evidence that defendant tendered said automobile to plaintiff in Kansas City, and said tender was more than sixty days after proofs of loss, if any had been furnished defendant.* In other words, the italicized portion of said instruction singled out a *detached* portion of the evidence and told the jury if they found *those* facts in favor of plaintiff, they *must* return a verdict for him.

We are of the opinion that the case presented here by relator is too plain for argument. The ruling of the Court of Appeals is in direct conflict with the law as declared in both the Supreme Court opinions quoted from and, hence, its record in respect to the above matter should be quashed. So ordered. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. *Walker, P. J.,* and *Blair, J.,* concur; *White, J.,* concurs in the result.