LYCAN *et al.*, *Appellants*, v. MILLER *et al.*

Division Two, December 12, 1892.

1. **Will, Interpretation of:** PUNCTUATION. Punctuation may sometimes aid in the interpretation of a will.

2. ———: ———. A testator provided "that my beloved wife, Mary Ann, shall have in lieu of her dower as long as she shall remain my widow, the northeast fractional quarter of section seven (7), township 63, range 12 west, about ninety-five acres, also in addition thereto the lands occupied by the dwelling-house, out-houses used in connection therewith, and the barn and stables and wells, and more fully described by metes and bounds as follows: Starting at the southwest corner of the orchard, thence running southwest to the south line of the southwest quarter of section seven, on which the orchard is, and this to inclose the orchard, to take in thirty-five or forty acres to give her wood and water, to be her absolute property and to be at her disposal." *Held,* that the trial court properly construed the will in holding that the words "northeast fractional quarter" and "about ninety-five acres," and the description by metes and bounds, referred to, and passed to the widow, three different tracts.

3. **Partition:** DECREE. There is no error in a decree in a partition suit directing a claimant's share to be set off to her account, but leaving a dispute, as to whether the legal title is in her or in her trustees, to be settled between them.

*Appeal from Knox Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*L. F. Cottey* and *O. D. Jones* for appellants.

(1) The court erred in setting off the northeast quarter of section 7 to Mary A. Miller, and in setting off plaintiffs' allotment subject to the claims of the defendants, George and Frank Miller, as trustees in the decree. (2) The will of Eliza J. Grigsby is improperly admitted in evidence against plaintiffs' objections. *First.* The "mayor of Omaha" is not authorized to take the "proofs" of W. H. De France. Revised Statutes, 1879, sec. 3975. *Second.* The "proofs" were presented in the vacation of the probate court of Knox county, and all orders made were not made in term. *Smith v. Estes,* 72 Mo. 310. (3) If the will is improperly in evidence, then that clause of the decree setting off plaintiffs' share, subject to the "adverse claim" of defendants, George and Frank Miller, is erroneous.

*Blair & Marchand* and *G. R. Balthrope* for respondents.

THOMAS, J.—This is a suit for the partition of lands that belonged to David Miller at the time of his death, and the principal controversy grows out of the construction of the following clause of the will of said Miller:

"It is my will that my beloved wife, Mary Ann, shall have in lieu of dower, and as long as she shall remain my widow, the northeast fractional quarter of section seven (7), township 63, range 12 west, about ninety-five acres; also in addition thereto the lands occupied by the dwelling-house, out-houses used in connection therewith, and the barn and stables and wells, and more fully described by metes and bounds as follows: Starting at the southwest corner of the orchard, thence running southwest to the south line of the southwest quarter of section seven, on which the

orchard is, and this to inclose the orchard, to take in thirty-five or forty acres to give her wood and water to be her absolute property and be at her disposal.''

The petition for partition described eight hundred and forty acres of land that belonged to the testator and among other tracts alleged that he owned ''ninety-five acres, the north part of the southeast quarter of section 7;'' and also the southwest quarter of said section, containing one hundred and sixty acres, and the north half of said section containing three hundred and thirteen and eighty-one hundredths acres.

All parties in their pleadings concede that said Mary A. Miller is entitled to the ninety-five acres and forty-eight and one-half acres in the southwest quarter of the section, the controversy involving only the northeast quarter, plaintiffs claiming that she is not entitled to that, while she and the other defendants claim she is.

No evidence was offered by either party to explain the ambiguities of the will, and the court in its decree of partition awarded said Mary A. all the land she claimed. Commissioners were appointed to make partition, and by a map accompanying their report it appears that the dwelling-house, barn and wells are situated on the tract of ninety-five acres and the orchard on the forty-eight and one-half acres. Plaintiffs appeal.

That there is an imperfect description of the land in the will is conceded by all parties. The plaintiffs claim that the words ''northeast fractional quarter'' should be construed with the words ''about ninety-five acres,'' and that the northeast fractional quarter and the ninety-five acres constitute but one tract, while defendants contend that they constitute two tracts, one without the number of acres being given, and the other without the particular description being given. The argument of plaintiffs in favor of their theory is that

the northeast quarter of section 7, township 63, range 12 west, is not fractional, but contains the number of acres of a regular quarter section, and that, as the word "fractional" was inserted in the description, it was intended to apply to the north part of the southeast quarter containing ninety-five acres, which is fractional, and that the subsequent description was intended to cover the forty-eight and one-half acres only which said Mary A. Miller obtained by the decree. On the other hand the defendants argue that the words "northeast fractional quarter" should not be rejected, and that the subsequent description was not intended to cover the forty-eight and one-half acres only, because the dwelling-house, barn and wells are not situated on it, but on the tract of ninety-five acres.

It is not often that punctuation determines men's rights of property, but in this case a semi-colon has an important bearing upon the construction of this will, if it does not absolutely control it. The record as it came to us has a semi-colon in the will after "ninety-five acres," as is shown above, while the defendants in their printed abstract omit it, and contend none was there. Under the authority conferred on us by section 2257, Revised Statutes, 1889, we sent for the copy of the will introduced in evidence, in order to see who was right, and we find the semi-colon in question is not in it. If we insert the semi-colon the contention of plaintiffs is plausible. Here is the description with that punctuation mark in it: "The northeast fractional quarter of section 7, * * * about ninety-five acres; also in addition thereto," etc. The copy of the will read in evidence omits the semi-colon, thus: "The northeast fractional quarter of section 7, township 63, range 12 west about ninety-five acres also in addition thereto," etc. If we put the semi-colon after "west," thus, "The northeast fractional quarter of section 7,

township 63, range 12 west; about ninety-five acres also in addition thereto," etc., the contention of defendants is not only plausible, but we think correct also.

It is true if we adopt defendants' theory we must work out a devise of *two* tracts of land instead of what seems to be a description of but *one* tract, in that portion of the clause of the will under review following the word "west;" but we do not find so much difficulty in that since we find the houses, barn and wells on the ninety-five acres, and the orchard on the thirty-five or forty acres, which turned out to be forty-eight and one-half acres when an actual survey was made by the commissioners. Besides that the particular description does not include the tract of ninety-five acres, but does include the tract of forty-eight and one-half acres. Hence, it required the two tracts of ninety-five acres and forty-eight and one-half acres to fully meet the description, and omitting the semi-colon, with this construction, the whole will can be harmonized. On the other hand, if we adopt plaintiffs' theory, we meet with a more serious difficulty. The words "northeast fractional quarter" are plainly written in the will, and if we adopt this theory we must wholly reject them, and if these words are rejected there would be no description of the one tract except "about ninety-five acres," which plaintiffs claim should be separated from what follows by interpolating a semi-colon after "acres." Upon the whole we think the construction put upon the will by the trial court the more reasonable one.

II. Plaintiffs assigned another ruling of the court as error. Mary C. Lycan, one of the plaintiffs, is a daughter of Mary J. Grigsby, who was a daughter of said testator. The defendants set up in their answer that Mrs. Lycan was not seized of the legal title to any portion of the land in controversy, but that it was

vested in George and Frank Miller as her trustees for her use, and, in support of this, they read in evidence a will of the said Mary J. Grigsby.  Plaintiffs objected to this will on the ground that while it appeared that it had been probated, the probate had never been approved by the probate court.  But on the final hearing of the case, the court decreed that the commissioners "do set off also one-ninth of said lands on account of the said Mary C. Lycan, subject, however, to the claims of the said George and Frank Miller to act as trustees for her, the court now refusing to decide the right of said claims to George and Frank Miller to act as trustees of said Mary C. Lycan."  This the commissioners did, and we think plaintiffs have no right to complain, for the court did substantially what they desired it to do in their original petition, that is, set off to Mrs. Lycan her interest in the land.  The defendants are not concerned about the ninth interest of Mrs. Lycan, and the decree leaves her and her trustees to settle the dispute between them, if there be any dispute, as to who shall hold the legal title to her portion of the land.

The judgment is affirmed.   All concur.

### ON REHEARING.

THOMAS, J.—We still adhere to the original opinion as a proper construction of the will involved in this case.   Our attention has been called to the fact that the map accompanying the commissioners' report of partition shows that the line dividing the tracts of ninety-five and forty-eight acres runs through the dwelling-house, and that a small part of the orchard is on the tract of ninety-five acres, and a shed is in the tract of forty-eight acres; but we do not think that is of sufficient importance to justify us in giving the will the construction contended for by plaintiffs.

That map shows that two wells, the barn, a machine shed and granary were wholly on the tract of ninety-five acres, while nearly the whole of the orchard is on the tract of forty-eight acres. We still think that the testator intended to devise to his wife three tracts of land, the one hundred and sixty, ninety-five and forty-eight and one-half acres.

The judgment is affirmed. All concur.