CARL HICKS, A MINOR, BY J. H. MAIZE, NEXT FRIEND, AND J. H. MAIZE, APPELLANTS, v. ARDA SHANABARGER, RESPONDENT.—236 SW (2) 49.

Springfield Court of Appeals. January 22, 1951.

478

*Bloodworth & Bloodworth,* and *Robert C. Hyde* for Appellants.

*Blanton & Blanton, O. A. Tedrick,* for Respondent.

McDOWELL, J.—Action for damages. The petition was in two counts. The answer was a general denial and a counterclaim based upon primary negligence and the humanitarian doctrine. The cause was tried before a jury, resulting in a verdict in favor of plaintiff, Hicks, for personal injuries in the sum of $1,000.00, and on the second count, in favor of plaintiff, Maize, for property damage in the sum

of $600.00. Judgment was entered by the court accordingly. Motion for new trial was, by the court, sustained and plaintiffs appeal.

Plaintiff, Carl Hicks, a minor, brought his action in the name of J. H. Maize, as next friend. The cause of action was in two counts. In the first count, Carl Hicks seeks to recover for personal injuries; in the second count, J. H. Maize seeks to recover damages to his jeep panel truck. Both causes of action grew out of an automobile collision between the jeep panel truck of plaintiff, Maize, and an automobile owned by defendant, Shanabarger. Both counts were predicated upon alleged primary negligence of defendant and upon the humanitarian doctrine.

Defendant's answer was a general denial and a plea of contributory negligence together with a counterclaim claiming damages for personal injuries and to her automobile. The counterclaim was based upon primary negligence, violation of certain city ordinances of the City of Poplar Bluff and the humanitarian doctrine.

There was a verdict and judgment on the first count in favor of plaintiff, Hicks, in the sum of $1,000.00, for personal injuries and in favor of plaintiff, Maize, on the second count of the petition, in the sum of $600.00, as damages to his jeep.

Defendant filed a motion for new trial and, among the errors complained of therein, were the following:

"(a) The action of the Court in giving the instructions requested by the Appellants.

"(b) The action of the Court in refusing certain instructions requested by the Respondent.

"(c) The alleged perjury of the Appellant, Carl Hicks."

Plaintiffs, in their appeal, rely upon four assignments of error:

I. That the trial court erred in admitting into evidence the record of the unemployment agency in Poplar Bluff, Missouri as said record is hearsay.

II. That the trial court did not exercise a wise judicial discretion in granting a new trial and made the order upon evidence not sufficient to show perjury or mistake and upon the evidence which was not the best evidence.

III. That the statements attributed to Carl Hicks at the unemployment office do not constitute perjury but at most constitute a prior inconsistent statement.

IV. Alleges error in sustaining motion for new trial against plaintiff, Maize, because there was no evidence that said J. H. Maize had committed perjury or mistake or that the verdict as to him was affected thereby.

The defendant brings up two other errors contained in the motion for new trial which she claims justified the granting of the new trial.

Assignment of error No. III, ''The trial court erred in giving appellants' Instruction No. 4 as to the measure of damages permitting an award for loss of earnings when no such recovery was sought in the petition,'' and assignment No. IV. that ''The court erred in refusing Instruction No. 14, requested by the respondent in the nature of submitting her counterclaim under the humanitarian doctrine.''

In deciding each issue presented, we will set out such facts from the record as we deem necessary in making the decision.

In this opinion we will refer to the appellants as plaintiffs and to the respondent as defendant, being the positions they occupied in the lower court.

Plaintiffs complain, in their first assignment of errors, that the trial court erred in admitting into evidence the record of the unemployment agency in Poplar Bluff, Missouri, as said record is hearsay.

The record showed that this evidence was offered by the defendant in support of her motion for new trial to sustain the alleged ground of perjury of the plaintiff, Carl Hicks. In the trial of the case on the merits Hicks testified as to his injuries as follows:

''Q. How long did you stay in bed? A. Well, off and on two weeks.

''Q. Can you lift anything? A. I can but not heavy objects, no.

''Q. What did you do after you stayed in bed; have you worked since that time after you got out of bed? A. No, sir.

''Q. What have you been doing Carl? A. Messing around home.

''Q. Have you been able to work? A. No, sir.''

Plaintiff's mother, Mrs. Gibbs, testified:

''Q. And tell the jury whether he has worked or not any since the accident? A. No, he hasn't''

One of the issues submitted by Instruction No. 4 to the jury was elements of damage the jury should consider in arriving at its verdict and we quote a part of that instruction, ''*   *   * and such sum as you may find he lost in wages or salary as the result of such injuries as shown by the evidence if any, *   *   *''.

Defendant's exhibits X-1, X-2 and X-3 were a part of the official records of the Missouri State Unemployment office maintained in Poplar Bluff. Exhibit X-1 was a claim record card for readjustment allowances which Raymond C. Hicks made showing dates and records of his reporting for unemployment under the Servicemen's Readjustment Act, and showing the date and amount of compensation paid plaintiff, Hicks. It showed the date and number of card B-45, which is defendant's Exhibit X-2, which were the claims sent in from the Poplar Bluff office to Jefferson City for payment. It showed the amount of weekly payments to be $20.00 per week made to plaintiff. Exhibit X-2 was a claim card which plaintiff, Hicks, signed and was sent to Jefferson City to receive his check. The evidence shows that each time plaintiff made application for benefits he had to sign this

card. Defendant's exhibit X-3 was a record given the office by plaintiff, Hicks, as to the kind of work applicant had been doing and the kind of work he might be referred to in the future. It was necessary to fill out this claim for readjustment allowance. Toward the concluding part of this exhibit, it disclosed that plaintiff, Hicks, was not only able to work but that he had actually been employed, since the accident, by the Winfrey Service Station in Poplar Bluff, Missouri, and, as a matter of fact, was employed by that company during the trial of the case, although he had positively testified that he had not worked since the accident, and was not able to work.

When these exhibits were offered in evidence plaintiffs objected to their admission for two reasons; first, because the evidence was immaterial and, secondly, that neither of the exhibits show any perjury in the case whatever. In the objection it was stated:

"It is no evidence to show that he could work or did work, it is only evidence to show that he drew compensation over there on statements that he made over there. It has nothing to do with this case. If there was any perjury it was committed over in the employment bureau which has nothing to do with this case. Object to it for those two reasons."

Under this objection we find against plaintiffs for the reason that the evidence certainly was material. The court instructed the jury that in considering the amount of damages plaintiff, Hicks, might recover they would take into consideration the loss of wages caused by the injury. Now, if plaintiff was able to work and, as the court found from the evidence offered on the motion for new trial, did actually work, the court was justified in finding that the misstatements made by plaintiff, Hicks, in the trial went to the very merits of the case. We find that the evidence certainly was material to the issues being tried.

The second objection to the offering of these exhibits was that they did not constitute evidences of perjury. These exhibits were signed by plaintiff, Hicks, and were direct admissions that he was able to work and did work, contrary to his testimony given at the trial, and, undoubtedly, if true, would show that plaintiff had committed perjury in the trial of the case. So we, again, hold that this objection is not well taken. It will be noted that plaintiff did not object to the testimony because it was hearsay. There being no objection in the trial court to the offering of these records on the part of plaintiffs because the evidence is hearsay, the matter is not reviewable in this court. Section 122, Laws of Missouri, 1943, page 389; Menard v. Goltra (Mo. Sup.) 40 S. W. 2d 1053, 1060; Galloway v. Galloway (Mo. Sup.) 169 S. W. 2d 883, 887.

Plaintiffs' second assignment of error is that the trial court did not exercise a wise judicial discretion in granting defendant a new trial

but made the order upon evidence not sufficient to show perjury or mistake, and upon evidence which was not the best evidence available.

The rule of law governing this court in passing upon the trial court's actions in the granting of a new trial is well stated in Teague v. Plaza Express Co. (Mo. Sup.) 205 S. W. 2d 563, 566, as follows:

"* * * Furthermore, it is also well settled that when a motion for new trial is sustained an appellate court will be more liberal in upholding such action than it might be in reversing a judgment on the same ground on appeal. Thompson v. St. Joseph R., L. H. & P. Co., 345 Mo. 31, 131 S. W. 2d 574; see also Castorina v. Herrmann, 340 Mo. 1026, 104 S. W. 2d 297; Taylor v. Farmers Bank of Chariton County, 349 Mo. 407, 161 S. W. 2d 243. This is because the trial judge, having participated in the trial, had the best opportunity to determine the effect of any error; and granting a new trial is the exercise of judicial discretion which will be upheld unless abused or clearly erroneous. See Schipper v. Brashear Truck Co., Mo. Sup., 132 S. W. 2d 993, 125 A. L. R. 674."

The trial court, in its order sustaining defendant's amended motion for new trial, made the following statement:

"* * * the same is hereby sustained under provision of Section 1168 of the Revised Statutes of Missouri, 1939, for the reason that the Court finds that the plaintiff Carl Hicks, has committed perjury or mistake, which materially affected the verdict in this cause."

Raymond Turner testified on the hearing for the motion for new trial that plaintiff, Hicks, when he applied for and drew compensation, told him that he was able to work. This testimony was certainly admissible as being an admission on the part of plaintiff. Turner testified that, unless plaintiff, Hicks, had been able to work, his application for compensation would not have been approved or the claim paid. The witness testified that plaintiff, Hicks, told him he had performed work since the accident; that he stated he had worked as a filling station attendant at Winfrey's Service Station. He testified that plaintiff told him he did the regular duties as a service station attendant. He testified that this information given by plaintiff was shown on defendant's exhibit X-3, which was, by plaintiff, signed. He gave the dates of this employment as of July 14, 1949 to September 23, 1949. This testimony is in direct conflict with what plaintiff testified at the trial of the case. Turner's testimony, supported by plaintiff, Hicks' signed statements, which were a part of the original records of Missouri State Unemployment office in Poplar Bluff, certainly justifies the trial court in finding that Hicks had committed perjury or mistake in the trial and that the evidence was as to material facts affecting the results of the trial. This might be further fortified by the fact that the verdict of the jury was a nine men verdict and not unanimous. We find there is no merit to this allegation of error.

Plaintiffs' third assignment of error, that the statements attributed to Carl Hicks at the unemployment office do not and could not constitute perjury but, at the most, constitute a prior inconsistent statement, has no merit. If the plaintiff, Carl Hicks, falsely testified at the trial that, since the accident he had been unable to work because of his injury and had not worked when, in fact, he had worked and had admitted that he had been so employed during the time, he would be guilty of perjury. Certainly his statements, if true, made to the Missouri State Unemployment office and to Mr. Turner, who was employed by and in charge of said office, would be evidence of the falsity of the testimony given at the trial by plaintiff.

Plaintiffs' fourth assignment of error complains that the court failed to exercise a wise judicial discretion in sustaining defendant's motion for a new trial as to plaintiff, J. H. Maize, because there was no evidence or claim made by defendant or in the finding of the court that said Maize had committed perjury or mistake or that the verdict as to him was affected thereby.

The evidence in the case shows that plaintiff, Maize, was the owner of the jeep alleged to have been damaged in the collision; that, at the time of the accident, the jeep was being driven by plaintiff, Hicks, who was the agent of Maize and at the time working in the scope of his employment. The evidence further shows that Maize was appointed by the court as the next friend of Hicks, who was a minor in the action. The witness, Hicks, testified concerning the collision and the cause thereof. He was the driver of plaintiff, Maize's car, at the time of the accident, and Maize was riding with him. This witness detailed all the circumstances relating to the alleged collision in behalf of both himself and plaintiff, Maize. His testimony concerned the merits of the lawsuit, both as to his own cause of action and that of plaintiff, Maize. Under the law the jury are the sole judges of the credibility of witnesses and of the weight and value of their testimony. If the witness, Hicks, swore falsely to any material issue in the case, the jury would be at liberty to disregard any or all of the plaintiff, Hicks' testimony. Therefore, the trial court was justified in reversing the case as to both of the plaintiffs, if he found that plaintiff, Hicks, had, in fact, sworn falsely as to the amount of wages he lost because of his injury. If it be shown in the re-trial of this case that plaintiff, Hicks, swore falsely as to such matters, it will not only affect plaintiff, Hicks' case, but it will affect plaintiff, Hicks' testimony in relation to the defendant's liability to plaintiff Maize. In other words, if the jury disregards plaintiffs' testimony as to how the accident happened and as to whether or not defendant was negligent, it may find at the next trial that the defendant was not negligent and is not liable to plaintiff, Maize. Therefore, we find that the trial court should be sustained in granting a new trial as to both plaintiffs. Pitzman's Company of

Surveyors & Engineers v. Bixby & Smith (Mo. Sup.) 93 S. W. 2d 920; Donati v. Gualdoni (Mo. Sup.) 216 S. W. 2d 519.

Defendant's contention that the court erred in giving Instruction No. 4, permitting damages for loss of wages, is sustained by the law.

In 25 C. J. S., p. 752, Sec. 131, the law is stated:

"In pleading damages a distinction must be made between such damages as are commonly designated general damages and those known as special damages, the former being defined as such damages which are the natural and necessary result of the wrong complained of, and the latter as those damages which are the natural but not necessary result of the wrong, * * *

"Where by reason of a certain wrong or from the breach of a contract the law would impute certain damages as the natural, necessary, and logical consequence of the acts of defendant, such damages need not be specifically set forth in the complaint, but are, upon a proper averment of such breach or wrong, recoverable under a claim for damages generally. A general allegation of damages will authorize proof of all damages necessarily resulting or which may be legally implied from the act complained of, and the fact that the pleader unnecessarily specifies items of general damages will not preclude him from giving evidence of other general damage not specified."

In the case at bar the general declaration for damages in plaintiffs' petition was sufficient to entitle recovery for all such damages as are the natural and immediate consequences of the injury complained of. Globe & Rutgers Fire Ins. Co. of New York v. Adams, (Mo. App.) 230 S. W. 345.

In Simon v. S. S. Kresge Co. (Mo. App.) 103 S. W. 2d 523, the court states the law that special damages are damages of such a character as would not of necessity have followed particular injury.

In Parkell v. Fitzporter (Mo. Sup.) 256 S. W. 239, the court lays down the law that only such damages as necessarily result from the negligent act complained of can be recovered as general damages.

In McDonald v. St. Louis & S. F. R. Co., (Mo. App.) 146 S. W. 83, 93, the court, in an action for ejecting a passenger from defendant's railroad train, where the petition did not plead the loss of earnings, held that the court's instruction permitting the recovery for earnings was erroneous because the same was not specially pleaded. The court states the law thus:

"Plaintiff's instruction No. 4, on the measure of damages, is erroneous in two respects: First, it authorizes the jury to estimate as damages the extent, if any, to which plaintiff has been 'prevented by reason of his injuries from working and earning a livelihood for himself and family.' This element of damage is the legal equivalent of compensation for loss of time occasioned by the injury, and as such is an item of special damages which may not be recovered, unless claimed in the petition."

The same is ruled in the case of Palmer v. Railroad, 142 Mo. App. 440, 447, 127 S. W. 96.

In Francis v. City of West Plains, 203 Mo. App. 249, 216 S. W. 808, it is held that, in an action for damages for loss of time and earnings, it is necessary to specially plead such damages. On page 811 the court states:

"It will be seen that this instruction permits a recovery for loss of time or loss of earnings from the date of the injury to the date of the trial. The petition contains no charge of any loss of time or loss of earnings. It has been repeatedly held that, in order to recover for loss of services or earnings from the date of the injury to the date of trial, there must be a special charge in the petition."

In this case the court says that the loss of past earnings is not a necessary consequence of personal injury negligently inflicted and hence is not embraced within a general allegation of permanent injury, but must be specially pleaded and proved.

In 25 C. J. S., p. 769, Sec. 136, the rule is thus stated:

"In some jurisdictions it is necessary, in order to permit proof of, or recovery for, loss of time, or loss of earnings for a time, that the loss be specially pleaded; but in other jurisdictions, it would seem that proof of this nature is admissible without a "special allegation. * * * Regardless of this conflict of authority, plaintiff is not entitled to recover for loss of time where, instead of asking damages generally for the injuries sustained, he specifies the elements of damages for which he seeks recovery and omits to mention the element of loss of time."

It will be noted that Missouri followed the rule that such damages must be specially pleaded.

Plaintiffs' petition states: "* * * the said plaintiff was injured in the following particulars, to-wit: the plaintiff's shoulder and back was bruised, wrenched, misplaced, torn, lacerated and wounded; his entire nervous system was severely shocked; his back, head, shoulder, body, limbs and the muscles, nerves, flesh, tendons and ligaments thereof were bruised, contused and wounded and all of his internal organs were jarred, shaken and jolted and misplaced. Plaintiff Carl Hicks states that as a direct result of the negligence of the defendant he has suffered great pain of body and mind, lost his natural sleep and will in the future continue to so suffer and so lose his sleep and rest and that he has incurred medical expense and that his injuries are permanent in nature all to his great damage in the sum of $10,000.00."

It will be noted that plaintiff's petition did not plead the loss of earnings and, under the rule as followed in Missouri, that special damages, which are the natural but not necessary result of wrongful acts or injury must be specially pleaded, we hold that the instruction complained of was erroneous.

We deem it unnecessary to pass on the last contention made by the defendant.

Judgment of the trial court affirmed. *Vandeventer, P. J.,* and *Blair, J.,* concur.