Richard G. JOHNSON, Respondent,

v.

FLEX–O–LITE MANUFACTURING COR-
PORATION, a Corporation, William Har-
tle, and Walter Lee Lynn, Appellants.

No. 46053.

Supreme Court of Missouri,

Division No. 2.

April 14, 1958.

Opinion Modified on Court's Own Motion
June 9, 1958.

Motion for Rehearing or to Transfer to
Court en Banc Denied June 9, 1958.

Henson & Henson, Poplar Bluff, C. A. Powell, Dexter, for appellants.

Blanton & Blanton, Sikeston, for respondent.

STORCKMAN, Presiding Judge.

This appeal is from a judgment for $30,000 recovered by the plaintiff, Richard G. Johnson, as damages for personal injuries suffered as the result of a collision of motor vehicles. A motion for a directed verdict in favor of one of the defendants, Joel S. Hays, was sustained at the close of plaintiff's case. The jury found in favor of the defendant William Shrum, administrator of the estate of Dale Eugene Shrum, deceased. The verdict in plaintiff's favor was against the other defendants, Flex-O-Lite Manufacturing Corporation, a corporation, William Hartle and Walter Lee Lynn, and these three defendants have appealed.

The accident occurred on U. S. Highway No. 60 at a small community known as Ash Hill in Butler County, Missouri. Highway 60 at the place in question is a two-lane asphalt pavement 24 feet wide and runs generally in an east and west direction. On the western limits of this community there is a small ridge or hill, the crest of which is six and nine-tenths feet higher than the foot of the western slope, which is about 400 feet long. There is also a lesser slope on the east side of the hill. The highway is generally straight except for a slight curve at the foot and near the crest of the hill. The pavement is divided by a white center line. On the western slope there is a no-passing zone marked by a yellow line in the south or eastbound lane of travel. An eastbound traveler near the bottom of the western slope of the hill cannot see a vehicle approaching from the east until one or the other gets near the crest of the hill.

On February 19, 1955, the plaintiff was riding as a guest in a Chevrolet automobile owned and being driven eastwardly by defendant Hays in the south lane of travel of Highway 60. They had left Poplar Bluff about 8:00 o'clock in the evening and were on their way to attend a meeting of Alcoholics Anonymous in Sikeston. The pavement was wet; it had been raining for some time. When the Hays car was on the western slope and approaching the crest of the hill, an automobile driven westwardly on the highway by Dale Eugene Shrum came over the crest, swerved suddenly from the north to the south lane, and the right

front corner of the Shrum car came into violent collision with the front of the Hays car.

The defendant Lynn, driving a tractor-trailer eastwardly, had been following the Hays automobile for several miles. The tractor-trailer, sometimes herein referred to as the truck, was owned by the defendant Hartle and was under lease to the defendant Flex-O-Lite Manufacturing Corporation. Plaintiff's evidence tended to show that immediately prior to the collision, and while in the no-passing zone, defendant Lynn had turned to his left into the northern half of the highway and, undertaking to pass, had pulled alongside the Hays automobile, and that Dale Eugene Shrum was caused thereby to turn his automobile to the left in front of the Hays vehicle in order to avoid a collision with the truck. There was also evidence on the part of the plaintiff tending to show that immediately before the impact between the Hays and Shrum automobiles there was a jar on the back end of the Hays car, and also a scraping noise on its left side, indicating some contact between the truck and the Hays automobile. The defendants' evidence was that the truck was traveling 250 to 300 feet to the rear of the Hays automobile, and that it did not strike either of the automobiles prior to the collision between the Shrum and Hays vehicles, but it was conceded by the defendants that the left front of the truck suffered collision damage which they contend was caused by striking the Shrum automobile as it spun around in the roadway.

The Shrum automobile came to rest on the north shoulder with its back end about even with the northern edge of the pavement and pointed in a slightly northeast direction. The Hays automobile stopped partially on the south shoulder headed east with about three and one-half feet of its left side on the pavement. The truck was stopped off of the pavement on the south shoulder east of the two wrecked automobiles. Dale Eugene Shrum was killed as a result of the accident. The plaintiff and

defendant Hays survived, but were very severely injured. The sufficiency of the evidence to support the verdict against the three appealing defendants is not questioned.

The first two contentions largely involve the application of the same legal principles and may be considered together. They concern the right of the appellants to discredit or impeach the defendant Hays and the plaintiff by use of their respective pleadings.

The defendant Hays as a witness in plaintiff's case testified that just prior to the collision between the Hays and Shrum cars the defendants' truck was in the north or westbound lane of traffic undertaking to pass and had hit the left rear bumper of the Hays car and scraped along its left side. For purposes of impeachment the appellants offered to introduce in evidence and to read to the jury portions of paragraph 6 and paragraph 9 of the answer of defendant Hays, which portions alleged in effect that the collision between the Hays and Shrum cars was caused solely by the negligence and carelessness of Dale Eugene Shrum. On objection the offer was denied.

On the theory that the plaintiff, while a witness in his behalf, did not testify to any acts tending to show negligence on the part of defendant Hays, the appellants offered to introduce in evidence and to read to the jury for purposes of impeachment the allegations in paragraph 7 of plaintiff's petition that the collision was caused by the negligence of the defendants and that the defendant Hays was negligent in that he operated his automobile at a high and dangerous rate of speed under the circumstances; that he failed to keep his automobile under control; and that he failed to stop his automobile. The court also sustained an objection to this offer.

In his petition the plaintiff alleged that the three motor vehicles collided with each other and charged the individual defendants with specific acts of negligence. The answers of the defendants contained cer-

tain admissions and denials and generally made cross charges of negligence against codefendants, including the charge by defendant Hays that the collision was caused solely by the negligence of Dale Eugene Shrum "in the particulars as hereinafter set out."

■ We are not here concerned with pleadings abandoned or superseded by amendment or with pleas made by witnesses as parties in other actions. In this case the pleadings offered for impeachment purposes were those upon which the case was being tried.

Generally under our system of procedure the only knowledge a jury can properly have of the issues of fact for its determination must be derived from the instructions of the court. Gorman v. St. Louis Merchants Bridge Terminal Ry. Co., 325 Mo. 326, 28 S.W.2d 1023, 1025.

■ The office of pleadings is to present, define and isolate the controverted issues so as to advise the trial court and the parties of the issues to be tried and to expedite the trial of a cause on the merits. Linders v. Linders, 356 Mo. 852, 204 S.W. 2d 229, 230 [2]; 71 C.J.S. Pleading § 1, p. 17; 41 Am.Jur., Pleading, § 2, p. 288.

Under our code of civil procedure great liberality is permitted in the joinder of parties and claims and alternative relief may be sought in the same action. Secs. 507.040, 509.050, 509.060 and 509.110 RS Mo 1949, V.A.M.S. Sec. 509.110 in part provides: "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses." While the new code does not expressly permit the pleading of inconsistent claims or defenses, the provisions for alternate or hypothetical pleas have been given a liberal construction to accomplish the purpose intended. See the article by Judges Laurance M. Hyde and James M. Douglas dealing with the Civil Code Act of 1943 in 2 Carr Missouri Civil

Procedure, pp. 540, 541; Cosentino v. Heffelfinger, 360 Mo. 535, 229 S.W.2d 546, 549 [3]; Feiden v. Gibson, Mo., 218 S.W.2d 105, 107 [5].

■ Consistent with the office of pleading and its purpose under our code, it has been held, as a general rule, that multiple pleas may not be used as admissions upon another issue in the same case. Hardwick v. Kansas City Gas Co., 355 Mo. 100, 195 S.W.2d 504, 166 A.L.R. 556. In the Hardwick case the defendant gas company offered to read to the jury from plaintiff's petition an allegation of joint and concurrent negligence made against a codefendant. In holding that it was not error for the trial court to refuse the offer, this court stated, 195 S.W.2d 509 [7]: "The gas company's position fails to distinguish between the use of pleadings containing admissions against interest as evidence and their office and use as pleadings. Annotations 90 A.L.R. 1393; 14 A.L.R. 22, 23. As a general rule multiple pleas may not be used as admissions upon another issue in the same case. 4 Wigmore, Evidence, Sec. 1064(2); 20 Am. Jur., Sec. 635; 31 C.J.S. Evidence § 302. The reason such pleas are not admissible, as a general rule, is that they do not possess the characteristics inherent in admissions against interest, rather than that they are not statements of fact against interest. 4 Wigmore, Evidence, p. 5."

■■ Here the appellants undertook to use for impeachment purposes pleadings directed at other parties in a multiple plea case, that is, the defendant Hays' plea against defendant Shrum and the plaintiff's plea against the defendant Hays. Since the pleas "do not possess the characteristics inherent in admissions against interest" they cannot in these circumstances be used to impeach or discredit a party witness; otherwise, the purpose of our code and the office of the pleading thereunder would be perverted and defeated. If one such issue were read to the jury, then it might become necessary to read other averments in explanation thereof until the entire plead-

ings were before the jury, a thing our decisions forbid. Proof of an averment, made hopefully or with undue optimism at pleading time, sometimes fails to develop at the trial, but a party is not required to prove every fact issue alleged, Barber v. Todd, Mo.App., 128 S.W.2d 290, 293 [5], under pain of being impeached and discredited.

In support of these points, the appellants have cited Helton v. Huckeba, 365 Mo. 93, 276 S.W.2d 78; Carlson v. Fredsall, 228 Minn. 461, 37 N.W.2d 744; Eickmann v. St. Louis Public Service Co., 363 Mo. 651, 253 S.W.2d 122, 125; and Hoffman v. Illinois Terminal Railroad Co., Mo.App., 274 S.W.2d 591, 594. In the Helton case a petition filed against the defendant by the witness Dearman in another case was read in evidence without objection and the court on appeal held that the petition was properly admitted in impeachment of Dearman's testimony. In the Carlson case the original complaint, superseded by an amended complaint, was offered for impeachment and it was held that the abandoned pleading was admissible as an admission and for impeachment purposes. In ʃthe Eickmann case, court files and records of three previous accidents were received in evidence after the plaintiff had testified to two of them and had been cross-examined extensively about each of the accidents without objection. Regardless of other reasons which may exist, these three cases are readily distinguishable because they do not involve the pleadings on which the case was being tried, but rather abandoned pleadings or pleadings in another case, to which another rule is applicable. Wahl v. Cunningham, 332 Mo. 21, 56 S.W.2d 1052, 1059 [14]. In the Hoffman case the St. Louis Court of Appeals held that the trial court erred in refusing to permit the defendant to cross-examine the plaintiff about a statement in his "original" petition that he had been thrown from defendant's bus to the pavement, since the plaintiff testified that he was thrown from the front door of the bus into a telephone post which dazed him and caused him to strike a building with his left hip. It is not clear from the opinion whether the pleading used was the one upon which the case was being tried, but even if it was, it is distinguishable because it does not involve the use of multiple pleas as in the case at bar, and because of the nature of the allegation. In the circumstances of the case at bar, the trial court did not err in refusing to permit the appellants to read to the jury the allegations offered from plaintiff's petition and defendant Hays' answer.

■ The appellants next contend that the court erred in giving Instruction No. P–2 requested by the plaintiff, which is as follows: "The Court instructs the jury that if you find and believe from the evidence that the plaintiff was riding as a guest in the automobile of the defendant Joel S. Hays, on or about the 19th day of February, 1955, on U. S. Hwy. 60, while the said Joel S. Hays was driving his car in an easterly direction near Ash Hill, Missouri, and further find and believe from the evidence that at said time and place defendant Walter Lee Lynn failed to keep the International tractor-trailer under sufficient control so as to be able to stop it upon the appearance of danger, and further find from the evidence that such failure constituted negligence, and that such negligence directly contributed to cause the collision and consequent injuries suffered by the plaintiff, then you are instructed that your verdict will be in favor of the plaintiff and against the defendant Walter Lee Lynn."

The appellants say that this instruction "is a roving commission to the jury" and "wholly fails to hypothesize any specific act of negligence and the various factual elements and circumstances relating to control of the truck and the appearance of danger, all of which were in dispute," and specifically that it "fails to require the jury to find the position of the defendants' truck at the time of the collision or that it was passing and alongside the Hays automobile at the time or before the Hays automobile collided with the Shrum automobile."

The appellants cite numerous cases holding that an instruction is erroneous which fails to hypothesize specific acts of negligence; that where there are two or more divergent sets of essential facts, then the instruction must hypothesize, either by recital or reference to other instructions, the facts essential in law to support the verdict and that it is erroneous to submit both specific negligence and general negligence. The rules of law for which the plaintiff contends are well established, but in our opinion are not wholly determinative of the question presented.

While Instruction P-2 is general in the sense that it does not set out or hypothesize sufficient facts, it does not misstate the law. See Dodson v. Gate City Motor Oil Co., 338 Mo. 183, 88 S.W.2d 866, where the defendant's truck was being driven behind a street car on a slippery pavement and the court stated, 88 S.W.2d loc. cit. 872 [4]: "It was his duty to take steps to put and keep his truck under control, so as to be able to stop if necessary, as soon as he knew or in the exercise of proper care should have known of the danger imminent unless he did so."

That Lynn did not have effective control of the operation of the tractor-trailer unit was established by his own testimony. He was familiar with the highway in that vicinity and was driving eastward at a speed of 45 to 50 miles per hour. He testified that when he first applied his brakes the trailer started to jackknife so he released his brakes and when the equipment straightened up he applied his brakes again, but was unable to stop before striking the Shrum car as it was spinning around on the pavement after colliding with the Hays car. The tractor-trailer was driven off the pavement and stopped east of the wrecked automobiles.

■ All of the instructions given in a case should be read together and as parts of a single charge in order to determine the correctness of the charge or the effect of any deficiency in a particular instruc-tion. Banks v. Koogler, Mo., 291 S.W.2d 883, 890 [21]; Bidleman v. Morrison Motor Freight, Mo.App., 273 S.W.2d 745, 750 [6]. Instruction P-1 covered the entire case and directed a verdict in favor of the plaintiff and against the defendant Lynn. No complaint is made of it on this appeal. Among other facts hypothesized in it were that the defendant Lynn drove the eastbound truck to the left of the center line in an effort to pass the Hays automobile at a place where the left or north side of the highway was not clearly visible and was not free of westbound traffic so as to permit the defendant Lynn to pass without interfering with the safe operation of the westbound automobile and that the presence of the truck in the north half of the highway caused the Shrum automobile to run into and collide with the plaintiff's vehicle.

Instruction No. D-4, given on behalf of the appellants, reads as follows: "The Court instructs the jury that if you find and believe from the evidence that at the time mentioned in the evidence the defendant Walter Lee Lynn was not attempting to pass and was not in the act of passing the automobile in which the plaintiff was riding, then your verdict will be for the defendants Flex-O-Lite Manufacturing Corporation, William Hartle, and Walter Lee Lynn."

Instruction D-5, also given at the appealing defendants' request, directed a verdict in their favor if the plaintiff's injuries were caused solely by the negligence of the driver of the westbound automobile and "that such injuries were not due to any negligence on the part of the defendant Walter Lee Lynn as set out in other instructions herein." The other two instructions given on behalf of the appealing defendants also had a cross-reference to "other instructions herein" for the negligent acts of the defendant Lynn. One was a burden of proof instruction and the other a direction that the plaintiff could not recover unless the defendant Lynn was guilty of negligence and that

such negligence was the direct cause of plaintiff's injuries.

As stated in Nelson v. Tayon, Mo., 265 S.W.2d 409, 414 [1]: "When * * * the instructions, read and construed as a whole, contain a complete exposition of the law necessary to guide the jury in arriving at a verdict and are not contradictory, the verdict will be sustained even though one or more of them, separately considered, would have been misleading had it or they not been supplemented or explained by the others." See also Gladden v. Missouri Public Service Co., Mo., 277 S.W.2d 510, 520 [13]; West v. St. Louis Public Service Co., 361 Mo. 740, 236 S.W.2d 308, 313 [10, 11]; Duffy v. Rohan, Mo., 259 S.W.2d 839, 841 [3].

Without regard to possible assistance from Instruction P–1, it appears that the appellants' Instruction D–4 supplements and furnishes the factual hypothesis which the appellants say Instruction P–2 lacks. The language and terms of Instruction P–2 are such that it does not repel or preclude reading into it the facts as stated in Instruction D–4. The appellants do not contend the instructions are contradictory, and we do not find them to be so.

However, in reply the appellants assert that the rule that instructions may be aided by other instructions does not apply to verdict-directing instructions, citing Elmore v. Illinois Terminal Railroad Co., Mo.App., 301 S.W.2d 44, where the ruling made is based upon the case of State ex rel. Long v. Ellison, 272 Mo. 571, 199 S. W. 984, among others. A similar claim was made in Wilcox v. Coons, 362 Mo. 381, 241 S.W.2d 907, where two verdict-directing instructions were involved, one submitting the plaintiff's case and the other given at defendant's request. In ruling the point the court en banc stated, 241 S.W.2d 913 [7]: "Whatever deficiency, if any, inhered in 'A' by reason of the want of a more direct submission of the fact of Collins' surrender of dominion and control over the deed was completely cured by 'D–11'. It is perfectly clear there was no conflict between the two—and such is not even suggested—and so the doctrine of State ex rel. Long v. Ellison, 272 Mo. 571, 199 S.W. 984, invoked against the instruction, is not applicable." It is the result achieved when the instructions are read as a whole that is controlling, and not the kind of instructions involved.

The appellants also contend that Instruction P–2 is misleading in that it does not specify which collision is referred to, the one between the Shrum and Hays automobiles, which is not in dispute, or the one between the Hays car and the truck, which is in dispute. This latter collision was testified to by the defendant Hays alone and that hypothesis was not submitted to the jury by any of the instructions. No personal injuries were claimed to have resulted from that occurrence. It cannot reasonably be said that the jury did not understand that the collision referred to was the one which produced the plaintiff's injuries. The effect of the instruction is to require a finding that the defendants' negligence contributed to cause the plaintiff's injuries. A jury composed of reasonable men would understand that the failure to keep the truck under sufficient control so as to be able to stop it upon the appearance of danger is qualified by the further fact that the defendant Lynn must be found by the jury to be undertaking to pass the Hays automobile and to have turned beyond the center line into the north half of the highway. We cannot say that the instructions, considered as a whole, would tend to confuse or mislead the jury.

The appellants further assert that Lynn's negligence in failing to have the truck under control so it could be stopped on the appearance of danger could not have contributed to cause the plaintiff's injuries. They cite no cases, and we have found none so holding. We cannot say as a matter of law that the jury could not, under the facts and circumstances in evi-

dence, have reasonably found such causal connection.

The practice of giving instructions in the form of P-2 is to be discouraged and condemned. In other circumstances a reversal might be required. See Vogelgesang v. Waelder, Mo.App., 238 S.W.2d 849, 856 [8], and Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872, 876 [4]. However, in the circumstances of this case the deficiencies complained of in Instruction P-2, in view of the other instructions in the case, do not constitute an error materially affecting the merits of the action, and hence not prejudicial error justifying the grant of a new trial. Sec. 512.160, subd. 2 RSMo 1949, V.A.M.S.; Davis v. Kansas City Public Service Co., 361 Mo. 61, 233 S.W.2d 679, 682 [1].

■ The next two questions presented are related and will be considered together. After judgment and before defendants' motion for new trial was ruled on, plaintiff was granted leave to amend by changing the punctuation in the eighth paragraph of his petition relating to his injuries and damages. Before the amendment the paragraph read as follows: "8. That because of the negligence and carelessness of the Defendants as heretofore set out, and as a direct and proximate result thereof Plaintiff was severely, painfully and permanently injured about his person in that the bones, flesh, tendons, tissues and muscles, arteries, veins, and organs of Plaintiff were bruised, contused, lacerated, torn, broken and rendered unfit; that his eyes, lungs, stomach, kidneys, heart, liver, spleen and other internal organs were injured and permanently damaged, that both of Plaintiffs legs were broken; that Plaintiff sustained injuries to his spine, neck and head, and suffered a concussion of the brain; that great and serious permanent damage was suffered to Plaintiffs nervous system, and that all of said injuries to Plaintiff are permanent. That prior to the collision as heretofore alleged Plaintiff was an able bodied man capable of earning and earning the sum of ——— dollars per month, and that as a result of said injuries he has been, and will in the future, be wholly, totally and permanently incapacitated from doing any labor. That Plaintiff has been and in the future will be required, as a result of said injuries and negligence and carelessness of Defendants, to expend large sums of money for medical, hospital and nursing care, medicines and orthopedic devices all to Plaintiffs damage in the sum of One-Hundred and Fifty Thousand Dollars, ($150,000.-00)."

By the amendment the italicized capital "T's" were changed to small letters and the periods immediately preceding these letters were changed to semicolons. Thus the effect of the amendment was to make clear that the concluding phrase "all to Plaintiff's damage in the sum of" $150,-000 referred to and modified the allegations of the entire paragraph 8 rather than the concluding sentence only. The prayer of the petition was not changed by the amendment. It immediately follows paragraph 8 and states: "Wherefore Plaintiff prays judgment against said Defendants for the sum of One-Hundred and Fifty Thousand Dollars and for his costs herein expended."

Appellants contend that prior to the amendment there was no allegation that the plaintiff was damaged as the result of personal injuries received, that there was no express or implied consent on the part of appellants to try such issue, and the court erred in permitting the amendment and in giving Instruction P-7 which submitted such issue to the jury together with the other items of damage. Appellants concede that loss of earnings and medical, hospital and nursing expenses were properly submitted and undertake to excuse their failure to object to evidence of personal injuries by saying such evidence was admissible for the purpose of justifying the expense items and presumably also to show loss of earnings. Appel-

lants' motion for new trial charges that under the pleadings and the evidence the verdict could not exceed the amount of the medical, hospital and nursing expense, which the evidence showed to be approximately $4,200. However, the appellants-defendants did not request an instruction so limiting the recovery. On the contrary, their Instruction D-1 expressly recognizes the issue of damages for personal injuries to be in the case. The first paragraph of the instruction is: "The Court instructs the jury that the plaintiff in his petition seeks to recover damages from the defendants for personal injuries." This and other instructions given on behalf of these defendants refer without restriction to the personal injuries sustained by the plaintiff.

In construing legal writings, generally the punctuation is subordinate to the text and the use of a period or other mark is not controlling upon the question of proper construction where such use would result in an unreasonable or absurd construction. State ex rel. Geaslin v. Walker, 302 Mo. 116, 257 S.W. 470, 472 [1]; State ex rel. Klein v. Hughes, 351 Mo. 651, 173 S.W.2d 877, 880 [8]; Lycan v. Miller, 112 Mo. 548, 20 S.W. 36, 700; 12 Am.Jur., Contracts, § 256, p. 799; 17 C.J.S. Contracts § 306, p. 723.

Sec. 509.250 provides: "All pleadings shall be so construed as to do substantial justice." The averments of a pleading should be given a liberal construction, according the averments their reasonable and fair intendment. Downey v. United Weather Proofing, 363 Mo. 852, 253 S.W. 2d 976, 977 [1]; Zuber v. Clarkson Const. Co., 363 Mo. 352, 251 S.W.2d 52, 54 [1].

General damages are those which the law would impute as the natural, necessary and logical consequence of defendant's wrongful act and such damages do not have to be specifically pleaded, but, upon the proper averment of the wrongful act, they are recoverable under a claim of general damages. Hibler v. Kansas City Rys. Co., 292 Mo. 14, 237 S.W. 1014, 1017 [4]; Hicks v. Shanabarger, 241 Mo.App. 476, 236 S.W.2d 49, 54 [11]; Burns v. Burns, Mo.App., 193 S.W.2d 951, 952 [2]; 25 C.J.S. Damages § 131, p. 752. Special damages which, are the natural but not necessary result of the wrongful act, must be specifically stated in the pleading. Sec. 509.200.

As a natural, necessary and logical consequence of the injuries alleged in the first part of paragraph 8, general damages were imputed and did not need to be specifically stated in the petition. Salmons v. Dun & Bradstreet, 349 Mo. 498, 162 S.W.2d 245, 252 [9-11], 141 A.L.R. 674; Oberhaus v. Eichwald, Mo., 303 S. W.2d 29, 31 [5].

On the record before us we cannot escape the conclusion that the appellants were not misled by reason of the faulty punctuation, and that the issue of damages for plaintiff's personal injuries was tried, at least by implication if not expressly. The court did not err in permitting the amendment. Section 509.500 RSMo 1949; Evett v. Corbin, Mo., 305 S.W.2d 469, 474. It follows that the giving of Instruction P-7 was not erroneous.

Appellants' next and final question presented for review is: "The $30,000 awarded to the plaintiff as damages is excessive and against the weight of the evidence." The motion for new trial contains no allegation that the damages awarded are excessive. The appellants assert, however, that the allegation that the verdict is against the weight of the evidence embraces the allegation that the damages are excessive, citing State ex rel. Piepmeier v. Camren, 226 Mo.App. 100, 41 S.W.2d 902, and Bailey v. Interstate Airmotive, Inc., 358 Mo. 1121, 219 S.W.2d 333, 8 A.L.R.2d 710.

In the Camren case the trial court, according to a memorandum filed, was of the opinion that the jury award in a condemnation case was against the weight of the evi-

dence in that it was excessive and that a new trial should be granted, but overruled the motion for new trial because of a misconception of its power under the law to sustain it. The court of appeals granted a new trial holding that the trial court had the discretion to weigh the evidence and grant a new trial under the circumstances shown. We have no such record in the instant case. The Bailey case was a suit to recover for services rendered. The plaintiff appealed from the trial court's order granting the defendants a new trial. One of the grounds alleged in defendants' motion for a new trial and upon which the new trial was granted, was that the verdict was excessive. The supreme court ruled that the "trial court," in considering the size of the award, may pass on the weight of the evidence and affirmed the order of the trial court granting a new trial. Neither of these cases furnishes any support of appellants' contention.

Sec. 512.160, subd. 1, provides: " * * no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court." A claim that the verdict is excessive cannot be reviewed on appeal unless such allegation of error is preserved in the motion for new trial. Shohoney v. Quincy, O. & K. C. R. Co., 231 Mo. 131, 132 S.W. 1059, 1062 [1]; Klaber v. O'Malley, Mo., 90 S.W.2d 396, 401 [6]; Welch v. Thompson, 357 Mo. 703, 210 S.W.2d 79, 86 [22]; Scowden v. Scowden, Mo.App., 298 S.W.2d 484, 485 [3].

■ Allegations of error with respect to excessive damages must be specifically set out in the motion for new trial, and an allegation that the verdict is against the weight of the evidence is insufficient to preserve such question for review in the appellate court. Sup.Ct. Rule 3.23, 42 V.A. M.S.; Marsters v. Bray, Mo., 85 S.W.2d 479, 481 [2]; Welch v. Thompson, 357 Mo. 703, 210 S.W.2d 79, 86 [23]; Pierce v. New York Central R. Co., Mo., 257 S.W.2d 84, 90 [10, 11]; Scowden v. Scowden, Mo. App., 298 S.W.2d 484, 486 [5].

■ The plaintiff, a married man 39 years of age and in good health before the accident, received very severe and disabling injuries. We shall not undertake to describe them in detail. In general, the plaintiff suffered a comminuted fracture of the right femur and a comminuted fracture in the head of the left tibia, both of which required extensive surgery with pins, screws and bolts to hold the parts in place. He had numerous lacerations and contusions over a large part of his body; his hand and the tendons thereof were torn and lacerated; he suffered a severe concussion of the brain and was unconscious for five or six days; the cartilage connecting the breastbone and ribs was broken loose from his ribs. He endured much pain and suffering and has used a wheel chair or crutches ever since the accident. His medical experts testified he was seventy-five per cent permanently disabled. He was in the hospital on four different occasions for a total of 116 days. Hospital, medical, nursing and similar expenses amounted to $4,424.10. His average annual earnings prior to the injury were about $4,000, resulting in a loss of earnings approximating $6,000 at the time of trial.

A careful examination of all the evidence of injuries and damage does not persuade us that a manifest injustice or miscarriage of justice has resulted by reason of the award of damages in the amount of $30,000. Sup.Ct. Rule 3.27; Marsters v. Bray, Mo., 85 S.W.2d 479, 481 [3]; Welch v. Thompson, 357 Mo. 703, 210 S.W.2d 79, 87.

No reversible error being found, the judgment is affirmed.

All concur.

On Motion for Rehearing or to
Transfer to Court En Banc.

PER CURIAM.

Our ruling that the portions of the pleadings offered could not be used for the purpose sought is sufficiently predicated upon the grounds stated in the opinion. However, in view of the further contentions

made in appellants' motion for rehearing or, in the alternative, to transfer to the court en banc, we will, in the interest of clarity and for ready reference, set out the rule relied on and its reasons as stated in Wigmore on Evidence, Vol. 4, § 1064 (2), p. 48, with a connected portion of the text preceding the statement:

"This much being generally conceded, it follows that a *party may* at any and all times *invoke the language of his opponent's pleading on that particular issue* as rendering certain facts *indisputable*; * * *.

"(2) How does this principle affect the use of the pleadings upon *another issue in the same cause*? It forbids any resort to a pleading upon *another* issue; because the object of each set of pleadings or counts is to raise and to define the separate issues, and any use of the one to aid the other would to that extent defeat this object and prevent the trying of the issue made."

This statement of the rule was approved and applied in Hardwick v. Kansas City Gas Co., 355 Mo. 100, 195 S.W.2d 504, 509 [7], 166 A.L.R. 556, as noted in the opinion.

Since the offer was properly excluded on this ground, we need not explore other factors affecting the competency of impeachment evidence. Neither are we concerned with a situation in which a party-witness has testified contrary to a purely factual allegation of his pleadings.

The defendants further assert in support of their motions that the pleadings offered were usable for impeachment purposes even though in these circumstances they do not "possess the character inherent in admissions." The distinction claimed is not well taken. See Wigmore on Evidence, Third Ed., Vol. 4, §§ 1048 and 1051, dealing with the use of admissions of a party as testimonial impeachment. In § 1051, p. 8, Vol. 4, the author states: "An admission is logically useful against the party in the same way as a prior Self-Contradiction against a witness (*ante*, §§ 1018, 1048), and its admissibility rests partly on that ground."

The defendants further contend that the pleadings of the defendant Hays were abandoned and no longer operative at the time they were offered because his motion for a directed verdict was sustained at the end of the plaintiff's case. This was not discussed in the original briefs, but it makes no difference in the result. Since the dismissal was not voluntary, the plaintiff had the right to request a new trial as to the defendant Hays and to this extent Hays was still a party to the case.

We find these and the other matters urged are without merit and, accordingly, the motion for rehearing or, in the alternative, to transfer to the court en banc is overruled.