Mildred COURTNEY, Plaintiff-Respondent,

v.

CITY OF FERGUSON, Defendant-Appellant.

No. 32043.

St. Louis Court of Appeals.

Missouri.

March 15, 1966.

**173**

Morris, Wuestling & James, John J. Morris, Richard C. Wuestling, III, St. Louis, for defendant-appellant.

Robert E. Morley, St. Louis, for plaintiff-respondent.

ANDERSON, Judge.

This is an action for damages for personal injuries alleged by plaintiff to have been suffered by her as a result of a fall caused by a condition of a public street in the City of Ferguson, Missouri, alleged to have been hazardous and dangerous for pedestrians using said street. There was a verdict and judgment for plaintiff in the sum of $6,300.00. Defendant has appealed from the judgment.

The incident which gave rise to this suit occurred on June 1, 1961, in the 600 block of Royal Avenue, between three-thirty and three-forty-five in the afternoon. Plaintiff said the afternoon was "hot and sunny." The record of the United States Department of Commerce Weather Bureau was introduced in evidence showing the temperatures for May 31, 1961, and June 1, 1961. This record disclosed a high temperature on June 1, 1961 of eighty-seven degrees. Plaintiff testified she started walking west in the 600 block of Royal Avenue at Chambers Road. At that time, she observed "pools of tar" in the street. She attempted to avoid them by "walking in and out;" but she came to a particular spot and her feet "got trapped in the tar." At the time, plaintiff was wearing "pedal pushers" and "rubber thongs" on her feet. The thongs are put on by inserting the big toe through an opening, and when on the big toe, the other toes stick out. As heretofore stated, when plaintiff came to a particular pool of tar, her right and left feet got stuck, the right more than the left. When this occurred, plaintiff lost her balance and fell forward landing on her right elbow, knee and right side. After her fall, Mrs. Edna Blaskow, who was in a driveway near the scene of the fall came to plaintiff's assistance. At that time, Mrs. Blaskow noticed that plaintiff had asphalt on the front of her blouse, her shorts, her legs, and the heel of her left hand. Plaintiff had arisen when Mrs. Blaskow got to her and was standing at the edge of the street. At that time, one of plaintiff's shoes was stuck in the tar in the street. The other shoe was

in that area but Mrs. Blaskow did not recall its exact position.

Plaintiff did not recall that she had stepped in any other pool of tar prior to her fall, nor did she remember how large the pool of tar was that she fell into, or how deep it was, but did recall that the tar came up around her toes. Mrs. Blaskow testified the tar was in an area approximately a foot and a half to two feet wide, and three feet long. She stated that the depth of the tar at the point she recovered plaintiff's thongs was one-half inch. She further testified that the condition of softness of the street existed immediately prior to June 1, 1961, and that she had reported the condition to the City Hall three or four days before plaintiff's accident; that she stated to the person who answered the phone that the street was getting "soft and tacky," and requested "that they come out and put sand on it."

Mrs. Blaskow took plaintiff to her home, and upon arrival there, called the City Hall and reported the incident. Plaintiff was then taken in an ambulance to the office of Dr. Solon Harris. After Dr. Harris examined her, plaintiff was sent to Faith Hospital where she remained two weeks. Since the size of the verdict is not challenged, we will not detail the medical evidence.

Plaintiff's verdict directing instruction, which is challenged on this appeal, charged the jury that if they found that the street was at the time, in an unsafe and dangerous condition for travel thereon by the public by reason of a melting and a collection of asphalt which formed irregular areas of soft asphalt, which had existed a sufficient length of time before the time of the alleged injury to plaintiff for defendant by the exercise of ordinary care to have discovered and repaired said street before the time of the alleged accident; and if they found that at the time in question, plaintiff was walking over said street using ordinary care for her own safety; and while doing so was caused to fall upon said street and be injured by reason of the unsafe and dangerous condition of said street, then there should be a verdict for plaintiff.

It is defendant's contention that the above mentioned instruction was erroneous for the reason that it did not require the jury to find that defendant's failure to act in the premises constituted negligence.

■ We have carefully considered the point urged and the authorities cited by defendant in support thereof and have reached the conclusion there is no merit in the contention. In our judgment, the instruction hypothesizes facts which if found by the jury convict defendant of negligence as a matter of law, and for that reason, it was not necessary to submit to the jury the question whether defendant's failure to act constituted negligence. Our ruling is based upon our decision in Butler v. City of University City, Mo.App., 167 S.W.2d 442. In that case, plaintiff sued for personal injuries sustained by her when she fell as a result of stepping in a broken portion of a sidewalk which formed a depression from three-fourths of an inch to an inch and a half. The negligence charged was failure to repair same when defendant knew or by the exercise of reasonable care should have known of such defect and its dangerous condition. There was a verdict and judgment for plaintiff. On defendant's appeal, one of the points urged was alleged error in plaintiff's verdict directing instruction in that it failed to require a finding that defendant's failure to repair was negligence. In rejecting this contention, we said:

"Continuing its attack on this instruction, appellant says that it is erroneous because it did not require the jury to find that the defendant negligently failed to repair the sidewalk, or that its failure, if any, to repair the sidwalk, was a failure to exercise ordinary care.

"The instruction, before directing a verdict for plaintiff, did require the jury to find that the sidewalk was by reason

of the hole or crack therein not reasonably safe for use by the plaintiff and the traveling public; that defendant knew or by the exercise of ordinary care should have known of the existence of said hole or crack in said sidewalk; that said hole or crack rendered the sidewalk unsafe for reasonable use by the traveling public; that defendant failed to repair the same; and that the failure to repair was the proximate cause of plaintiff's injuries.

"The facts hypothesized in the instruction make out a case of actionable negligence on the part of the defendant as a matter of law. Therefore, it was not necessary to submit to the jury the question of whether or not such facts constituted negligence; plaintiff was entitled to have a verdict directed in her favor upon a finding of such facts. State ex rel. Long v. Ellison, 272 Mo. 571, 199 S.W. 984; Bagby v. Culberson, Mo.App., 273 S.W. 209; Luckel v. Century Building Co., 177 Mo. 608, 76 S.W. 1035; State ex rel. City of St. Joseph v. Ellison et al., Mo.Sup., 223 S.W. 671."

The instruction under review contains all of the elements required in such cases by MAI 22.04 as adopted by our Supreme Court. That instruction is as follows:

"Your verdict must be for plaintiff if you believe:

"First, there was a defect [crack] [hole] in the sidewalk and as a result the sidewalk was not reasonably safe for the public, and

"Second, defendant knew or by using ordinary care should have known of the existence of this condition, and

"Third, defendant failed to use ordinary care to remedy it, and

"Fourth, as a direct result of such failure plaintiff was injured."

The only difference between MAI 22.04 and the instruction under review is that the former requires a finding that the side-walk, "was not reasonably safe for the public," while the instant case requires a finding that the street "was in an unsafe and dangerous condition for travel thereon by the public." The instruction in Butler v. City of University City, supra, used the phrase "not reasonably safe for use by the plaintiff and the traveling public." We see no difference in the meaning of the three phrases. If a sidewalk or roadway is unsafe and dangerous for travel thereon by the public, it certainly is "not reasonably safe for the public," or for use by a plaintiff and the traveling public. To draw a distinction between them would be a mere play on words. We believe there is no merit to defendant's contention that the instruction under review was erroneous as claimed.

■ The next point urged is that the instruction is erroneous because it did not require a finding that the alleged negligent acts or omissions of defendant were the proximate cause of plaintiff's alleged injuries. In support of this contention, it is urged that there was evidence from which a jury could find that plaintiff's injuries were not caused by the accident but that her injuries preceded her fall and were not caused by it. However, there was evidence from which the jury could reasonably find that plaintiff did suffer injury as a result of a fall, which would make a jury question of the issue of injury and causation. The instruction did require the jury to find that plaintiff "was caused to fall upon said street and to be injured by reason of the unsafe and dangerous condition of the street * * *." Instruction No. 12, the measure of damage instruction, charged the jury that if they found in favor of plaintiff from the evidence and other instructions it was the duty of the jury to award plaintiff "such damages * * * as will fairly and reasonably compensate the plaintiff for her bodily injuries, if any, so sustained." It thus appears that the jury was instructed to find that plaintiff did suffer injury as a result of the fall, and that the jury should award damages for the injuries so sustained. No complaint is made of the fail-

ure of the court to use the word "proximate." On the contrary, it appears to be appellant's contention that under the instruction, the jury was authorized to allow damages for injuries or a condition not caused by the fall. Considering the instructions together we do not believe the jury could have been misled in this respect. If defendant was fearful of such a result, it could have offered an instruction more clearly limiting the damages to those injuries or condition resulting from the fall. It did not do so. We find no merit to the contention now urged by appellant.

Defendant's final complaint is directed against Instruction No. 8, given at plaintiff's request. This instruction dealt with the issue of contributory negligence. In the first part of this instruction, defendant's contention, with respect to this issue, was stated, to wit, failure of plaintiff to use her eyesight and other senses, when by the exercise of ordinary care, plaintiff could have known the condition of the street, and have walked around the soft spot therein and have avoided injury. The instruction then proceeds as follows: "the burden is upon the defendant on this issue, and, in order to sustain this defense, to prove by the preponderance or greater weight of the credible testimony, such negligence on the part of the plaintiff; * * *." The complaint made is that by this instruction the jury was, in resolving the issue, limited to a consideration of the "credible testimony" rather than the "credible evidence."

The plea of contributory negligence contained in defendant's answer was as follows: "Further answering, defendant states that the damage and injury sustained by plaintiff, if any, is the direct result of the negligence and carelessness of plaintiff, in that plaintiff failed to exercise reasonable care for her own safety to watch where she was walking at the time of the alleged occurrence, and that such negligence and carelessness directly caused, or contributed to cause the damage and injury, if any, plaintiff sustained."

Defendant's Instruction No. 7 submitted the issue in the following language: " * * and if you further find that plaintiff knew, or in the exercise of ordinary care, could have known that said soft area, if any, rendered said street dangerous and unsafe for use by one in the exercise of ordinary care for her own safety, in time to have stepped over or around same in safety by the exercise of ordinary care, but failed to do so, and if you further find that plaintiff was thereby negligent, and if you further find that such negligence, if any, directly caused or directly contributed to cause her fall and injury, if any, if so, then your verdict must be for the defendant."

■ The instructions all referred to plaintiff's actions in looking, walking, and moving over said street, and it appears from the transcript that the only source from which any evidence with reference to these matters was the testimony of plaintiff and Mrs. Edna Blaskow. The documentary evidence and photographs offered could not aid the jury in any way in determining the issue of contributory negligence. The photographs did not reflect the condition of the street on the day of the accident. The record does not show when these photographs were taken; but it does appear they were offered merely to show the physical layout of the street. Furthermore, there was testimony that the street had been regraveled at the time the photographs were taken. It is difficult to believe that these photographs would throw any light on plaintiff's ability to see the pool of tar or the manner in which she proceeded down the street the day she fell. The same is true of the other exhibits which defendant claims was withdrawn from the jury's consideration. These are listed in appellant's brief as, the records of the hospital and weather bureau, a pair of rubber thongs, a bag of torpedo gravel of the kind used to cover the street after the accident, and a hose nozzle of the type to spray asphalt on the street. It is our opinion that appellant's

complaint cannot be sustained, since there was no error shown which could have materially affected the verdict.

The judgment appealed from is affirmed.

WOLFE, P. J., and RUDDY, J., concur.